### Edward Rector et al., Appellees, v. Duntley Manufacturing Company, Appellant.

### Gen. No. 18,913.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon JOHN GIBBONS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed November 25, 1914.

## Statement of the Case.

Suit by Edward Rector, Samuel E. Hibben, Frank Parker Davis, John B. Macauley and Louis B. Erwin, copartner under the firm name of Rector, Hibben, Davis & Macauley, against the Duntley Manufacturing Company to recover a balance of $8,279.39 alleged to be due for professional services as patent attorneys.

The declaration consisted of the common counts and the plaintiffs filed therewith a bill of particulars containing about two hundred and fifty separate items.

The trial resulted in a verdict and judgment against

defendant for $8,800.95, being the full amount claimed by the plaintiffs, and interest for alleged unreasonable and vexatious delay in payment, and the defendant appealed.

STEERE & STEERE and EDWIN WHITE MOORE, for appellant.

ALBERT H. MEADS, for appellees.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

## Abstract of the Decision.

1. PARTNERSHIP, § 43*—*when inquiry as to partnership is improper.* In an action by copartners, the names of such copartners are presumed to be truly set forth in the declaration under section 53 of the Practice Act, J. & A. ¶ 8590, and it is not necessary to prove the copartnership, and when the copartnership is established an inquiry as to its terms is irrelevant and not proper cross-examination.

2. ATTORNEY AND CLIENT, § 134*—*what evidence is proper to show amount of compensation.* In an action by copartners for a balance due for professional services as patent attorneys, where the plaintiffs supplied the defendant with a typewritten statement of the entire account, it could not be contended by defendant that objections were improperly sustained to questions propounded to witnesses as to what certain sums were in the statement, and as to amounts paid, since the statement was the best evidence of what it contained and could have been offered in evidence.

3. SET-OFF AND RECOUPMENT, § 13*—*what debts are subject of set-off.* Debts to be the subject of set-off must be mutual between the parties to the action, and in an action by a copartnership for professional services rendered as patent attorneys, the defendant could not avail itself by way of set-off of payments made to another copartnership to which the plaintiffs succeeded.

4. ATTORNEY AND CLIENT, § 133*—*what must be proved to recover compensation.* In action for professional services as patent attorneys, the plaintiffs were bound to prove their employment to perform the services sued for.

5. PARTNERSHIP, § 228*—*when defense that partnership was changed is available in action on contract.* In an action by a co-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

partnership for professional services as patent attorneys, a contention that the defendant did not employ the plaintiffs but employed another copartnership to which they succeeded could not be sustained when it appeared that the defendant had actual notice of the change in the firm by the addition to it of two other attorneys, and continued to avail itself of the services of such firm.

6. ATTORNEY AND CLIENT, § 79*—*when defense of improper advice not available in action for compensation.* In an action by a copartnership for professional services rendered as patent attorneys, a contention of the defendant that the plaintiffs' improper advice prevented a settlement of litigation instituted for infringement of certain patents had no substantial basis in the evidence, it appearing that the advice in question was sound in law and in fact.

7. INTEREST, § 23*—*when allowed.* In an action by copartners for professional services rendered as patent attorneys, the allowance of interest because of unreasonable and vexatious delay in the payment of the claim was proper, it appearing that the good faith of defendant in finally refusing and resisting payment was discredited by the evidence.